OPINION
Rhonda L. Reasor is appealing from the decision of the trial court awarding custody of her minor child, Courtney Reasor, to Rhonda's former husband, Michael R. Reasor.[1] Although the order of the court awarding custody found many reasons in support of the judgment, the only error alleged by Rhonda on appeal is the failure of the trial court to order a blood or genetic paternity test.
Rhonda and Michael were married in Tennessee on December 17, 1994, but they had begun their relationship much earlier that year when Rhonda was still married to one Ray L. Smith. Courtney, the child whose custody is in issue, was born January 20, 1995, and Rhonda testified that she was conceived between April 16 and April 20, 1994. Tr. 38. Rhonda clearly testified that she did not start having sex with Michael until the first week of May. Id. Michael, on the other hand, testified that he had sex with Rhonda beginning in February, 1994. Michael is named on Courtney's birth certificate as her father.
The marriage of Michael and Rhonda proved to be a somewhat stormy one, and in April, 1997, Michael filed a petition in Montgomery County alleging domestic violence by Rhonda. The petition alleged that Courtney was the issue of the parties' marriage and that allegation was never denied by Rhonda. Temporary custody of Courtney was awarded to Michael.
Rhonda filed a complaint for divorce on May 13, 1997, and not only alleged therein that Courtney was the issue of her marriage to Michael but also requested child support from Michael. Rhonda also admitted in the divorce proceedings on the financial disclosure form and the divorce questionnaire that Courtney was issue of their marriage. Rhonda had two children with her former husband, Ray L. Smith, and she specifically referred to them as their children in the divorce questionnaire, while at the same time acknowledging Courtney as her and Michael's daughter. After further divorce proceedings, during which no issue as to the paternity of Courtney was raised, the Judgment Entry and Final Decree of Divorce filed October 23, 1997, stated that Courtney Reasor was born issue of the marriage. All child related issues, including custody, were set for a final hearing at a later date.
The child issues hearing was held on February 24, 1998, with both parties represented by counsel. The court opened the hearing by stating that Rhonda's attorney, during a pretrial discussion prior to entering the courtroom, informed the court and opposing counsel that his client "is now alleging that Michael Reasor is not the biological father of Courtney Reasor." Tr. 3. Then it stated that her counsel had requested a continuance of the hearing in order for a paternity test to be completed, but the court, in this case, a magistrate, denied that motion. Tr. 4. Then, at the beginning of the hearing, Rhonda's counsel moved on the record for a paternity test, and the court again denied that motion on the record. Tr. 4-5. Rhonda, on the witness stand, then admitted during direct examination that she had brought the paternity allegation to her counsel "this week" Tr. 7 and, later, "within the last few days." Tr. 13.
Thus, it is clear from the record that the paternity issue was not before the court until its last minute emergence at the beginning of the final hearing in the action to determine custody of the minor child. This court has already held that upon such facts the jurisdiction of the court to determine paternity is not before the court since it was raised later than and outside the scope of the pleadings. McClure v. McClure (1994),98 Ohio App.3d 27. This court held in McClure that: "Absent an amendment of the complaint allowed pursuant to Civ.R. 15, the court was not required to consider Doug's motion [to order DNA testing]. To hold otherwise would permit Doug to amend his complaint after trial is commenced without first obtaining leave of court to do so. Accordingly, the court did not err in failing to order genetic testing before entering the decree." Id, 36.
But even if there were no precedent from this court determining the issue, we would still overrule the assignment of error. The testimony of Rhonda and Michael as to when they began their relationship, as well as to other factual matters and beliefs and courses of conduct, involving the issue of paternity, was in clear conflict. The magistrate, in his decision and order filed May 4, 1998, stated: "The court finds plaintiff totally lacking in credibility in this matter. Furthermore, the court finds the defendant very credible in his testimony. As a result, the court finds that the minor child, Courtney, was born issue of the marriage between Rhonda Reasor and Michael R. Reasor." Docket 11.
Rhonda filed objections to the magistrates's decision which did not raise the paternity issue. Later, after leave of court was granted, Rhonda filed supplemental objections which did raise the issue by claiming that blood tests should have been ordered. In the decision of the court overruling Rhonda's objections, and affirming the magistrate's decision and permanent order, no mention was made of Rhonda's request for a blood test. After pointing out that the magistrate applies the usual tests of credibility, demeanor, and character assessment in judging the credibility of the parties as well as their witnesses, the trial court held on the merits of the custody issue, as follows:
 The court has carefully reviewed the magistrate's decision, the objections to that decision, the memoranda of both parties, the transcript of the magistrate's proceedings including all exhibits, and the court's own records, and upon that review the court has conducted an independent analysis of the magistrate's decision. The court finds the salient facts of the case to be the same as found to be true by the magistrate. The court has considered these facts in light of applicable case law and statute. The court further finds that the magistrate's decision is wholly supported by competent, credible evidence and fully justified by the facts as found to be true. The court further finds the objections to be unpersuasive. The psychological evidence supported the defendant's claim to custody. Plaintiff's failure to visit with the child and failure to comply with court orders concerning counseling certainly weighs strongly against her custody claim. Defendant's strengths as a parent outweigh his weaknesses, and is in the court's opinion the parent best capable for providing for the child's welfare at this time. The child's best interests require that defendant be designated as residential parent and legal custodian. Docket 63.
A reviewing court is required to affirm judgments entered by trial courts that are supported by competent, credible evidence. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276. The evidence revealed at the hearing and cited by the court more than supports its judgment. Thus, even if McClure, supra, did not rule this issue, we would find no abuse of discretion on the part of the trial court in failing to order genetic testing and awarding custody to Michael of Courtney. The assignment of error is overruled and the judgment is affirmed.
FAIN, J., and WOLFF, J., concur.
Copies mailed to:
John A. Herndon
Dennis E. Gump
Hon. V. Michael Brigner
[1] In the interest of clarity, the parties will hereafter be referred to by their first names.